Wissahickon Hills Civic Association *v.* Zoning Board of Adjustment and Daniel and Patricia Connors. Daniel and Patricia Connors, Appellants.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*John W. Potkai,* with him *Emil F. Toften,* for appellants.

*Daniel Sherman,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 8, 1979:

This is an appeal by appellants Daniel and Patricia Connors from a common pleas decision which reversed the decision of the Zoning Board of Adjustment (Board) and denied appellants' request for a variance to permit construction of a patio deck and storage shed. We affirm.

Appellants live in a semi-detached house which is one of a 1940's development in Philadelphia zoned R-4. Each home had a garage built under the first floor kitchen. Appellant inherited his house from his uncle who bricked up the garage, converting it into a storage room. In January of 1975 appellant bulldozed his side yard and built a u-shaped seven foot high retaining

wall, with the proper permits. In February of 1976 appellant applied for a permit to install a patio on the existing wall. This was denied by the Bureau of Licenses because "(a) storage sheds are not a permitted use in an 'R-4' district under Section 14-205(1) of the Philadelphia Zoning Ordinance, and (b) erection of the storage shed and patio would violate the dimensional sideyard requirements in an 'R-4' zoning designation under Section 14-205(2) of the Zoning Ordinance."

This was appealed to the Board which found for appellants, saying that the appellants had established that they had a hardship which was special and peculiar to their property. The court of common pleas in a very able opinion by Judge GELFAND found that appellants did not establish such a hardship and reversed the Board. We agree.

The Philadelphia Code provides at §14-1802 the following criteria for consideration by the Board in granting a variance:

(a) that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

(b) that the conditions upon which the appeal for a variance is based are unique to the property for which a variance is sought;

. . . .

(j) that the grant of the variance will not adversely affect the public health, safety or general welfare.

Appellants failed to prove that their side yard which slopes downward (and therefore would require a retaining wall) is a worse hardship to them than to anyone else in the neighborhood. All have sloping side yards. The 16 foot wide side yard requirement is there

to provide the area with light and air and to help prevent fires. Appellants' plan would reduce the side yard width at one point to less than a foot.

We have to agree with Judge GELFAND when he states:

> In the matter herein, there is no evidence to overcome the fact that the sixteen-foot wide sloping sideyard involved here had been used as such for over thirty years; and, the fact that it had been used as such for so long is an indicia that its continued use in such manner would impose no hardship.

Accordingly, we will enter the following

ORDER

AND Now, May 8, 1979, the order of the Court of Common Pleas of Philadelphia County, No. 277 July Term 1976, dated April 11, 1978 is hereby affirmed.